## CALLAHAN v. THE CITY OF DES MOINES.

1. **City:** LIABILITY FOR DAMAGES FROM IMPROPER CONSTRUCTION OF A RAILROAD UPON PRIVATE PROPERTY. Where defendant city authorized the construction of a railway over one of its streets, but by one of the embankments of the railroad, at a point not upon the street, but upon private property, water was caused to flow upon plaintiff's premises to his damage, *held* that the city was not liable.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 6, 1883.

ACTION to recover damages resulting from injuries to a dwelling house and the lot upon which it is situated, caused by surface water made to flow thereon by an embankment erected by a railroad company, under authority of an ordinance of the city. Upon the evidence for plaintiff submitted to the jury, the court directed a verdict for defendant, and judgment was rendered thereon. Plaintiff appeals.

*Henry S. Wilcox*, for appellant.

*Williamson & Kavanaugh*, for appellee.

BECK, J.—I. An ordinance passed by the city council of defendant authorized the Des Moines & Knoxville Railroad Company to construct its railroad upon East Elm street. In the construction of the railroad, which follows Elm street but a part of the way, an embankment was erected, which

diverts the surface water from its natural course, and causes it to flow upon plaintiff's property. Plaintiff sustained injury by reason of this diversion of the water, and in this action he seeks to charge defendant, on the ground that it authorized the construction of the embankment, without requiring and enforcing the construction by the railroad company of proper culverts to permit the water to flow in its natural course.

II. The evidence introduced by plaintiff (and no other was given) shows that the diversion of the water is caused by that part of the embankment which is not upon the street, but is south of it. There is no testimony tending to show the fact to be otherwise. The city is not liable for the negligence or wrong of the railroad company in so constructing its railroad upon private property that injury resulted to plaintiff. The ordinance does not confer authority to construct the railroad upon private property, and the city is not clothed with power to permit or forbid the railroad company to acquire private property to be occupied by its right of way. Code, § 464. The defendant was, therefore, charged with no duty or care touching the construction of the embankment which caused the injury to plaintiff's property. It is, therefore, not liable in this action, under the undisputed evidence submitted by plaintiff to support his right of recovery. The circuit court correctly directed the jury to return a verdict for defendant.

AFFIRMED.